UNITED STATES THIRD DISTRICT COURT
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101
**TEL:-856-757-5021**

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2017 JAN -3  P 12: 31

| | | |
|---|---|---|
| MARCIA COPELAND, MD ) | ) | |
| (PLAINTIFF) ) | ) | |
| ) | Case Number | |
| V. ) | | 17-17 RMB/KMW |
| ) | Complaint | |
| Newfield Bank ) | | |
| Linda Gazzara ) | | |
| Gazzara Realty ) | | |
| (DEFENDANT) ) | | |
| ) | | |

---

### FEDERAL JURISDICTIONAL CODES

1. **Federal Trade Violation and deceptive advertising and real estate practice. Manipulating sale for of real estate for reason that must be explored. 15 USC 54**
2. **Discrimination**

---

1. **Public offer of sale for 116-118 Cooper Street. Woodbury, NJ 08096. Block 146 lot 1 by listing agent Lynda Gazzara and Newfield Bank.**

**a)** The public should be allowed to bid in a fair market. The property should not be reserved for a specific buyer while giving appearance of a "public offering".
**b)** Bidder should not be ignored for days by the listing agent while she entertain a second chosen individual privately.

2. **Intent to entertain only one specific buyer and offer to the exclusion of others**
a) There was no one negotiating with us initially from 12/12/16 to 12/15/16.
b) Negotiation beyond 12/13/16 unnecessary; Unwarranted beyond 12/15/16 if the realtor behaved professionally.

1

b) Realtor ignored repeated calls to her office ad cell phone and refused to negotiate with us on behalf of the seller. Seller realtor claimed she had no signal, no battery and was unavailable to accept our realtor's call. She had direct service to her chosen buyer and successfully submitted information to the seller on behalf of her chosen buyer.

c) Bob Maz made it clear that we could meet an early closing date if the seller desired the same. We negotiated additional time because of the holidays but was amenable to the seller's wishes. Refusal to answer calls and negotiate responsibly gave an unfair advantage to someone entering the process at a later time.

### 3. Failure to disclose

a). From 12/12/16 to 12/15/16 no other bidder/s were disclosed by the seller's to the purchaser's realtor, Bob Maz. We attempted to purchase while the property was under prior negotiation and asked to be considered if the previous deal failed. The deal was unsuccessful with the first purchaser, and we were notified by Ms Gazzara to bid. There was no simultaneous bidder until 12/15/16.

b) That on 12/15/16 a second bidder had entered the purchasing process.

b) We were dismissed from the negotiation without a phone call or notice. Bob Maz wrote on 12/15/16 in response to my query 12/14/16 at 1:52 pm nothing????. He responded on the same day 12/14/16 "nothing yet." On 12/15.16 at 11:30 am Bob Maz reported "She is not returning any e-mail or messages. He then reported a higher offer had come in.

c) The seller wanted to close the purchase quickly and by the January 6,2017 date accepted by the bank second offer.

d) 12/12/16 to 12/19/16 there were no plans to engage in continued negotiation for the purchase of the named property with Bob Maz or his buyer. Bob Maz reported to his buyer many days with multiple attempts to communicate with the broker. Bob Maz reported that the seller's realtor "had no signal", and "had no batteries" from 12/15 to 12/19/16 when she finally answered his call to report on acceptance of a second offer.

e) Why negotiation with the bank failed, and became non-existent from 12/12/18 to 12/15/16. The realtor had twenty-four hours from receipt of our offer to present said offer to the seller and failed in her efforts on 12/12/16 and on 12/15/16, and from 12/15 - 12/19/16.

f) she was negotiating with someone else and had dismissed us from the buying process..

### 4. Deceptive Advertising

a) Published in MLS and various public websites the sale of 116-118 Cooper Street. Woodbury. NJ 08096. Block 146 and lot 1 . Building was not open for sale to first bid despite proof of sufficient income and ability to close purchase quickly.

2

b) Accepted an offer and "private financial information" (December 12, 2016) from Bob Maz but failed for next three days to provide an answer from Newfield bank for the offer presented for consideration 12/12/16 to 12/15/16. On 12/15/16 a counter-offer was received by Bob Maz. We expected the negotiations to be finalized on this day or by 12/16/16.

c) From 12/15/16 to 12/19/16 seller's realtor engaged in several deceptive behaviors (1) ignoring calls (2) claiming she had no battery to answer calls and (3) claiming she had no signal and refused to communicate with Bob Maz regarding the offer she received 12/12/16.

## 5. Deception designed to deprive purchasers realtor of potential commission money
## 6. Deceptive trade practice by the bank and its realtor

**RELIEF**

1. Dismissal of the second offer if the manipulation by this realtor is proven true-preferred.
2. Forward to the Real Estate Commission official complaint
3. Triple damages calculated from the price paid by the second buyer to acquire the property.
4. Any remedy under Deceptive advertising laws and discrimination.

_Marcia Copeland_
Marcia Copeland, MD

x _____
Marcia Copeland

**Defendant 1**

Lynda Gazzara Gazzara Real Estate
179 Lincoln Ave, Vineland, NJ 08360
(856) 693-7655/ Cell (609) 5014872/ Fax (856) 696-7566

**Defendant 2**
Lynda Gazzara

**Defendant 3**
Newfield Bank Head Office
18-24 West Boulevard, Newfield 08344

3