```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

  MARCIA COPELAND,              Civil No. 17-17 (NLH/KMW)

        Plaintiff,
                                **OPINION**
     V.

  NEWFIELD NATIONAL BANK,
  LYNDA GAZZARRA, GAZZARA
  REAL ESTATE,

        Defendants.

**APPEARANCES:**

Marcia Copeland
2 Apple Ridge Way
East Brunswick, N.J. 08816
    *Pro Se Plaintiff*

Thomas M. North, Esquire
53 Newton Avenue
Woodbury, N.J. 08096
    *Attorney for Defendant Newfield National Bank*

**HILLMAN, DISTRICT JUDGE**

This matter comes before the Court by way of Defendant Newfield National Bank's motion [Doc. No. 4] to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, or, in the alternative, to quash service of process. Plaintiff Marcia Copeland, appearing *pro se*, opposes Defendant's motion. The Court has considered the parties' submissions, and decides this matter pursuant to Federal Rule of Civil Procedure 78.

The Court has determined *sua sponte* that it lacks subject matter jurisdiction over this matter, will therefore dismiss this matter, and deny Defendant's motion to dismiss as moot.

I.  **JURISDICTION**

The first section of Plaintiff's Complaint, entitled "Federal Jurisdictional Codes", sets forth two purported bases for the Court's exercise of jurisdiction in this matter. (Pl.'s Compl. [Doc. No. 1], 1.) Initially, it appears Plaintiff seeks to bring claims against Defendants for purported violations of the Federal Trade Commission Act (hereinafter, "FTCA") with respect to a failed real estate transaction that occurred in 2016.[1] Thus, Plaintiff seems to assert that the Court may exercise jurisdiction over Plaintiff's federal law claims under the FTCA pursuant to 28 U.S.C. § 1331. Additionally, Plaintiff sets forth a more general, broad-based assertion of "discrimination" as a basis for jurisdiction.[2]

---

[1]  Specifically, the Complaint states: "1. Federal Trade Violation and deceptive advertising and real estate practice. Manipulating sale for [sic] of real estate for reason that must be explored." (Pl.'s Compl., 1.) Plaintiff explicitly cites 15 U.S.C. § 54 – a section of the FTCA which outlines the imposition of penalties for violations which constitute false advertising.

[2]  Plaintiff's assertion of "Discrimination" as a basis for jurisdiction is simply a one-word description on the first page of the Complaint and in her prayer for relief. The remainder of the Complaint is completely devoid of any facts that even suggest, much less support as plausible, a federal claim for discrimination of any kind. Accordingly, the Court cannot

**II. BACKGROUND**

From the Court's review of the Complaint, it appears that in December of 2016, Plaintiff worked with a relator by the name of Bob Maz in an attempt to purchase a property located at 116-118 Cooper Street, Woodbury, New Jersey. (Pl.'s Compl., 1-2.) The property was listed by Defendant Gazzara Realty, and the listing agent involved in the transaction was Defendant Lynda Gazzara. (Id. at 2-3.) Exhibit 1 to the Complaint demonstrates that the property which Plaintiff sought to purchase was "bank owned" by Defendant Newfield Bank. (Ex. 1 to Pl.'s Compl., 1.) Plaintiff claims that she made a cash offer to purchase the property, and despite the pending offer, did not receive a counter-offer or any substantive response to her offer. (Pl.'s Compl., 2-3.)

Plaintiff alleges, in broad terms, that Defendants engaged in deceptive advertising, failed to disclose information that the property in question was being pursued by another buyer, and engaged in deceptive trade practice to deprive Plaintiff from purchasing the property in question. (Id.) Plaintiff requests the following forms of relief from the Court: (1) dismissal of the second offer made on the property; (2) that the Court

---

exercise jurisdiction over the Complaint based on a one-word, generalized claim of discrimination without any supporting facts. The remainder of this Opinion only addresses the FTCA claim.

forward an "official complaint" to the Real Estate Commission; (3) triple damages based on the price the second buyer paid to acquire the property; and (4) any other remedies permissible under the laws against deceptive advertising and discrimination. (Id. at 3.)

Defendant Newfield Bank subsequently moved to dismiss the Complaint pursuant to Rule 12(b)(5) on the basis of insufficient process of service. (Def.'s Mot. to Dismiss [Doc. No. 4].) In the alternative, Defendant argues that the Court should quash service.

## III. DISCUSSION

Despite the various arguments presented in the pending motion to dismiss, Defendants do not challenge the Court's exercise of jurisdiction over Plaintiff's alleged FTCA claims. However, as the Third Circuit has held, "[f]ederal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n., 554 F.2d 1254, 1256 (3d Cir. 1977)). Accordingly, federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the

4

litigation. Adamczewski v. Emerson Elec. Co., No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011) (citing Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005)). Therefore, although the parties have not specifically raised the issue of the Court's subject matter jurisdiction at this time,[3] the Court must determine as a threshold matter whether the exercise of jurisdiction is proper in this case before ruling on the merits of the pending motion. In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011) (noting courts must "'determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party'") (citation omitted).

## IV. **ANALYSIS**

The Court of Appeals for the District of Columbia Circuit has previously explained that "[t]he role of the courts in the enforcement of the Federal Trade Commission Act is one that comes into play primarily only after the Commission has set its administrative processes in motion. The court's role is not one of direct enforcement but one related to the administrative

---

[3] Plaintiff's opposition to Defendant's motion repeatedly asserts – in a cursory manner – that the Court has subject matter jurisdiction over this matter. Despite Plaintiff's assertion, the Court must independently assess the basis for jurisdiction here and cannot simply accept her representations that jurisdiction is proper.

5

process-in part supervisory and in part collaborative." Holloway v. Bristol-Myers Corp., 485 F.2d 986, 1002, (D.C. Cir. 1973). The D.C. Circuit has concluded that "[a] fair reading of the statute and its legislative history evinces a plain intent by Congress to make the administrative program for enforcing the Federal Trade Commission Act an exclusive one. ... To imply a private right of action to enforce the Federal Trade Commission Act-however desirable or logical this might appear in the abstract-would be contrary to the legislative design which we discern to have been deliberately wrought." Id.

Federal courts across the country have consistently held that the FTCA does not permit a private cause of action, and such claims are routinely dismissed. See, e.g., Gajo v. Chicago Brand, No. 17-cv-00380, 2017 WL 2473142, at *1 (N.D. Cal., June 8, 2017) (acknowledging that "[c]ourts have held that consumers and members of the public at large may not maintain a private action to enforce the FTCA.") (citing Dreisbach v. Murphy, 658 F.2d 720, 730 (9th Cir. 1981) (stating that "private litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by "15 U.S.C. § 45(a)(1)"; "[t]he Act rests initial remedial power solely in the Federal Trade Commission"); Aristeo v. Raines, Civ. No. 15-4115, 2016 WL 430568, at *4 (D.N.J., Feb. 3, 2016) (recognizing that "[n]o private right of action exists

under 15 U.S.C. § 45(a)(1) or 15 U.S.C. § 52(a)(2))(citing Phillips v. Deutsche Bank Nat. Trust Co., No. 10-5883, 2010 WL 5246032, at *1 (C.D. Cal. Dec. 16, 2010) (no private right of action under 15 U.S.C. § 45(a)(1)); and Montgomery v. Kraft Foods Glob., Inc., No. 1:12-CV-00149, 2012 WL 6084167, at *1 n.2 (W.D. Mich. Dec. 6, 2012) (No private right of action under 15 U.S.C. § 52(a)(2))); Mulder v. Kohl's Department Stores, Inc., Civ. No. 15-11377, 2016 WL 393215, at *3 (D. Mass., Feb. 1, 2016) (explaining that "[t]he Federal Trade Commission Act does not provide for a private cause of action.") (citing Marini v. Dragadosusa, No. 11-11316-GAO, 2012 WL 4023674, at *1 (D. Mass. Sept. 11, 2012) ("[T]he Federal Trade Commission Act ... does not provide a cause of action by private persons such as the plaintiff."); see also Shaulis v. Nordstrom Inc., 120 F. Supp. 3d 40, 46 (D. Mass., 2015) (again noting that "[t]he Federal Trade Commission Act does not provide for a private cause of action."); and Diessner v. Mortg. Elec. Registration Sys., 618 F. Supp. 2d 1184, 1191 (D. Ariz. 2009) (dismissing claims under the FTCA stating that "there is no private right of action under the FTCA.").

    Here, a plain reading of the Complaint makes clear that Plaintiff seeks to bring this action pursuant to the FTCA, but, as the case law cited above demonstrates, as a private citizen, Plaintiff cannot maintain a private cause of action for the

alleged violations of the FTCA she describes in the Complaint. Accordingly, the Court lacks a basis to exercise subject matter jurisdiction over the Complaint, and the Complaint must be dismissed with prejudice as amendment would be futile in this instance. In light of the Court's determination that jurisdiction is lacking, the pending motion cannot be determined on the merits and will be denied as moot.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion [Doc. No. 4] to dismiss for insufficient service of process will be denied as moot. Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction. An Order consistent with this Opinion will be entered.


Dated: December 29, 2017　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　NOEL L. HILLMAN, U.S.D.J.